UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>DENNIS LEE LEADER,<br><br>         Defendant. | NO:  CR-11-00004-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

Before the Court is Defendant Dennis Lee Leader's Motion to Dismiss the Indictment charging him with failure to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). ECF No. 34.  Oral argument was heard on April 19, 2011.  The Court has reviewed Defendant's Motion to Dismiss, ECF No. 34, Defendant's Memorandum in Support, ECF No. 35, the Government's Response, ECF No. 40, the Defendant's Reply, ECF No. 41, the pleadings, and the file in this case

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

## FACTS

The factual record before the Court is sparse. The Indictment alleges that Leader is a person required to register under SORNA, that he traveled in interstate commerce, and that he knowingly failed to register. ECF No. 15.

The Defendant has provided a Tennessee Indictment from February of 2000 alleging that the Defendant sexually penetrated a 16 year-old victim on July 20, 1999 while the Defendant was at least four years older than that victim, violating Tenn. Code Ann. 39-13-506. ECF No. 35 at 34. Additionally, the Defendant has provided the court with a copy of a portion of his guilty plea to one count of Statutory Rape which he entered on March 31, 2000. ECF No. 35 at 35.

## APPLICABLE LAW

The criminal provision for failing to register under SORNA reads in pertinent part:

> (a) In general.--Whoever--
>
> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2) . . . (B) travels in interstate or foreign commerce, . . . and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250. Generally, all sex offenders must register in each jurisdiction where they reside, are employed, or are a student. 48 U.S.C. § 16913(a). Additionally, the sex offender must keep that registration current. *Id.* § 16913(c). A sex offender is defined as "an individual who was convicted of a sex offense." *Id.* § 16911(1). Included in the definition of sex offense is "a criminal offense that has an element involving a sexual act or sexual contact with another."[1] *Id.* § 16911(5)(A)(i).

## DISCUSSION

The Defendant makes six arguments in favor of dismissal: (1) application of SORNA to the Defendant violates due process; (2) application of SORNA to the Defendant violates the Ex Post Facto Clause; (3) the indictment is insufficient because it fails to state a material element of the offense; (4) SORNA violates the

---

[1] There is an exception for consensual sexual conduct where the victim is at least 13 years old and the offender is not more than four years older than the victim. That exception does not appear to apply in this considering that the Tennessee Indictment asserts that Leader was more than four years older than the victim. *See* ECF No. 35 at 34.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

non-delegation doctrine; (5) SORNA violates the Tenth Amendment; and (6) Congress lacked the power to enact SORNA under the Commerce Clause. ECF No. 35.

**Due Process**

The Defendant first argues that application of SORNA violates his right to due process because (1) he lacked actual notice of the requirement that he register, and (2) there exists no state apparatus by which he might comply with the law.

It is axiomatic that, generally, ignorance of the law is no excuse. *E.g. United States v. Clark*, 435 F.3d 100, 1109 n.13 (9th Cir. 2006) (quoting *Shevlin-Carpenter Co. v. Minn.*, 218 U.S. 57, 68 (1910)). However, the U.S. Supreme Court has carved out a narrow exception to this rule. *See Lambert v. California*, 355 U.S. 255 (1958).

In *Lambert*, the City of Los Angeles passed an ordinance making it unlawful for any person convicted of a felony to remain within the city for five days without registering with police. *Id.* at 226. Virginia Lambert had a conviction for forgery, a felony under California law. *Id.* She resided in Los Angeles but did not register as required by the city ordinance. *Id.* Eventually, Lambert was arrested and charged for failing to register. *Id.*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

On review, the Court found that the registration ordinance, as applied to Lambert, violated her right to due process under the Fourteenth Amendment. *Id.* at 227. The Court recognized that, generally, "'ignorance of the law will not excuse,'" however, the court noted that Lambert's case presented "conduct that is wholly passive-mere failure to register." *Id.* at 228 (quoting *Shevlin-Carpenter Co.*, 218 U.S. at 68). The Court "assume[d] that appellant had no actual knowledge of the requirement that she register under [the] ordinance, as she offered proof of [such a] defense which was refused." *Id.* at 227. The Court reasoned that "actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply are necessary before a conviction under the ordinance can stand." *Id.* at 229.

It does not appear as if the Ninth Circuit has yet addressed how SORNA interacts with *Lambert*. However, a review of other circuit cases reveals a striking uniformity. In *Lambert*, the Court relied on the fact that there were no "circumstances which might move one to inquire as to the necessity of registration," *Lambert*, 355 U.S. at 229. Seizing on this concept, a myriad of circuit courts of appeals have distinguished *Lambert* by showing that the defendants in those cases knew they had a duty to register under state law and such knowledge would move them to inquire as to the necessity of registration. *United*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 5

*States v. Brown*, 586 F.3d 1342, 1351 (11th Cir. 2009); *United States v. Hester*, 589 F.3d 86, 92 (2nd Cir. 2009); *United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009); *United States v. Gould*, 568 F.3d 459, 468-69 (4th Cir. 2009); *United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008); *United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008).

Here, the Defendant cites to Tennessee's current sex offender registration statute and recent Tennessee case law in support of his argument that he is not required to register under Tennessee law. ECF No. 35 at 2-3. However, this Court's review of the relevant Tennessee law shows that the Defendant was required to register. In 1999, when the Defendant committed statutory rape, persons convicted of statutory rape were required to register. 1997 Tenn. Pub. Acts ch. 466, § 1 (repealed 2004). The 2006 amendment that changed the law did not automatically remove this registration requirement for persons convicted prior to the amendment. *See* Tenn. Code Ann. § 40-39-207(h). In short, Leader was required to register in Tennessee when he was convicted in 2000, and nothing in the record suggests that that has changed. Accordingly, Leader faced "circumstances which might move one to inquire as to the necessity of registration" when he moved in 2010. *Lambert*, 355 U.S. at 229. As a result, the exception identified in *Lambert* does not apply.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

Leader next argues that his due process rights were violated because Washington's failure to implement SORNA meant that it was impossible for him to comply with the law. The Ninth Circuit has yet to address this issue. The Tenth Circuit has held (1) that state implementation of SORNA is not mandated and (2) that where a state has an existing registration apparatus, the defendant has not shown impossibility merely because the state's registration apparatus has not been updated to conform to SORNA. *Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008). Other courts in this Circuit have come to the same conclusion. *United States v. Delorme*, No. CR-10-096-N-EJL, 2010 WL 4791714, at *5-*6 (D. Idaho 2010); *United States v. Morales*, 258 F.R.D. 401, 405 (E.D. Wash. 2009); *United States v. Benevento*, 633 F. Supp. 2d 1170, 1179 (D. Nev. 2009). The reasoning of these courts is persuasive. Accordingly, because Washington has a registration system in place, Leader's due process argument must fail.

**Ex Post Facto Clause**

The Defendant next asserts that the application of SORNA in this case violates the Ex Post Facto Clause of Article I, section 9 of the United States Constitution. For his argument, the Defendant relies primarily on *United States v. Juvenile Male*, 581 F.3d 977 (9th Cir. 2009). In *Juvenile Male*, the Ninth Circuit held that, as applied to juvenile offenders whose crimes were committed prior to

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

SORNA's enactment, SORNA's registration requirements violate the Ex Post Facto Clause. 581 F.3d at 993. The Defendant asserts that the basis for this holding is the fact that the defendant in *Juvenile Male* was not required to register at the time that SORNA was enacted. ECF No. 35 at 14.

The Defendant's attempt to apply Juvenile Male is not persuasive. First, the Tennessee Indictment clearly shows that the Defendant was at least 20 when he was convicted for statutory rape and could not have been tried as a juvenile. *See* ECF No. 35 at 34. Second, the *Juvenile Male* court relied almost exclusively on the fact that juvenile records are sealed. 581 F.3d at 984-987. The Ninth Circuit's logic allowed it to distinguish the juvenile situation from the situation addressed in *Smith v. Doe*, 538 U.S. 84 (2003). In *Doe*, the Court held that Alaska's sex offender registration requirement, applied retroactively, did not violate the Ex Post Facto Clause because it created a legitimate regulatory scheme to protect the public against recidivist offenders and any stigma associated with publication of a sex offender's name did not flow "from the Act's registration and dissemination provisions, but from the fact of conviction, already a matter of public record." 538 U.S. at 100-04. In contrast, the Ninth Circuit found that because a juvenile's history is not a public record, "[t]he disadvantages that flow to former juvenile offenders on account of having a public record as sex offenders must be attributed

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

to SORNA alone." *Juvenile Male*, 581 F.3d at 987.  Therefore, the Defendant's attempt to apply *Juvenile Male* is unpersuasive.

The Defendant also attempted to distinguish *United States v. George*, 625 F.3d 1124 (9th Cir. 2010), asserting that the defendant in *George* was required to register.  ECF No. 35 at 14. However, the issue in *George* was whether failure to register was a continuing offense or was an offense that occurs in the discrete moment that a defendant first fails to report.  In *George*, the Ninth Circuit held that failure to register is a continuing offense and punishment for such failure does not violate the Ex Post Facto Clause where such failure occurred after SORNA was enacted.  625 F.3d at 1131.  That holding had nothing to do with whether the underlying defendant was required to register at the time.  Therefore, even if the Defendant was not required to register under Tennessee law, the Defendant's attempt to distinguish *George* would still be unpersuasive.

In light of the reasoning in *Doe* and *George*, this Court is convinced that the application of SORNA to the Defendant does not violate the Ex Post Facto Clause.

**Sufficiency of the Indictment**

The Defendant argues that the indictment is deficient because it fails to state a material element of the offense. ECF No. 35 at 19-20.  The Defendant asserts that the indictment must allege that Leader is a sex offender and must explain why

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 9

he is a person required to register under SORNA. The Defendant then asserts that Leader's Tennessee conviction for statutory rape does not qualify him as a sex offender under SORNA. The Government's response focuses exclusively on the latter question.

Taking the last question first, it appears that SORNA applies to Leader's Tennessee conviction. The Defendant argues that he is not a sex offender for the purposes of SORNA because of an exception for consensual sexual conduct where "the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 42 U.S.C. § 16911(5)(C). However, the Tennessee indictment attached to the Defendant's memorandum shows an allegation that the defendant was "at least four (4) years older than [the victim]." ECF No. 35 at 34. Therefore, the exception does not apply.

Returning to the Defendant's assertion that the complaint fails to state all the necessary elements, Federal Rule of Criminal Procedure 7(c)(1) requires the indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense to be charged." *United States v. Debrow*, 346 U.S. 374, 376 (1953) (quoting *Cochran v.*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 10

*United States*, 157 U.S. 286, 290 (1895)). Additionally, the indictment must "sufficiently apprise[] the defendant of what he must be prepared to meet." *Id.* In short, "[p]rejudice to the defendant is a controlling consideration." *Stapleton v. United States*, 260 F.2d 415, 417-18 (9th Cir. 1958).

The indictment in this case reads as follows:

The Grand Jury Charges:

That on or about and between April 21, 2010, and December 23, 2010, in the Eastern District of Washington, DENNIS LEE LEADER, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and did knowingly fail to register and update a registration, in violation of 18 U.S.C. § 2250(a).

ECF No. 15. The applicable statute, 18 U.S.C. § 2250(a) reads as follows:

In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;

(2) . . . (B) travels in interstate or foreign commerce, . . . and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 11

shall be fined under this title or imprisoned not more than 10 years, or both.

§ 2250(a). It appears that the indictment alleges facts sufficient to meet the three elements of § 2250(a). That the indictment has served its purpose in notifying the Defendant is confirmed by the fact that the Defendant has been able to identify the predicate crime that requires him to register under SORNA. *See* ECF No. 35 at 34-35. Accordingly, the indictment appears sufficient.

**Non-Delegation Doctrine**

The Defendant next argues that SORNA's grant of authority to the Attorney General to dictate the retroactivity of SORNA violates the non-delegation doctrine. ECF No. 35 at 23-25. The Ninth Circuit has yet to address this issue. There is a circuit split on the issue of what authority was actually granted to the Attorney General.[2] In addressing the non-delegation doctrine, the Fifth Circuit reviewed the

---

[2] The provision at issue is 42 U.S.C. § 16913(d). Some circuits have held that the provision grants the Attorney General the sole discretion to determine the retroactivity of SORNA. *E.g. United States v. Madera*, 528 F.3d 852, 857-58 (11th Cir. 2008). Other courts have concluded that SORNA applied retroactively upon its adoption, and that the Attorney General's grant of authority is limited to

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 12

circuit split and concluded that, under either interpretation, the delegation was permissible. *United States v. Whaley*, 577 F.3d 254, 262-64 (5th Cir. 2009).

The Fifth Circuit court noted that "the Supreme Court has not struck down a statute on nondelegation grounds since 1935." *Id.* at 263. It identified that in determining whether a delegation of authority is appropriate, the "modern test is whether Congress has provided an 'intelligible principle' to guide the agency's regulations." *Id.* (citing *Mistretta v. United States*, 488 U.S. 361, 372 (1989)). The court then identified that SORNA's statement of purpose contained in 42 U.S.C. § 16901 supplied the intelligible principle necessary to support delegation. *Id.* at 264.

The intelligible principle test is controlling in this circuit as well. *United States v. One Sentinal Arms Striker-12 Shotgun Serial No. 001725*, 416 F.3d 977, 980 (9th Cir. 2005) ("'So long as Congress shall lay down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform, such legislative action is not a forbidden delegation of legislative power.'" (quoting *Mistretta*, 488 U.S. at 372)).

---

issuing rules related to initial registration. *E.g. United States v. May*, 535 F.3d 912 (8th Cir. 2008).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 13

SORNA's statement of purpose reads: "In order to protect the public from sex offenders and offenders against children . . . Congress in this chapter establishes a comprehensive national system for the registration of those offenders." § 16901. This Court agrees with the myriad courts in this circuit that have already held that this guidance is sufficient to supply an intelligible principle upon which to limit agency discretion. *E.g. United States v. Hickey*, No. CR-08-1518-PHX-JAT, 2009 WL 1993773, at *5-*6 (D. Ariz. 2009). Accordingly, the Court holds that SORNA does not violate the non-delegation doctrine.

**Tenth Amendment**

The Defendant Asserts that SORNA violates the Tenth Amendment. However, "[o]nly states have standing to pursue claims alleging violations of the Tenth Amendment by the federal government." *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 973 (9th Cir. 2009) (citing *Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118, 144 (1939)). Accordingly, Leader does not have standing to raise this claim.

**Commerce Clause**

The Defendant argues that Congress lacked the power under the commerce clause to enact SORNA. EFC No. 35 at 27. The Defendant admits that the Ninth Circuit rejected this argument in *George*. 625 F.3d at 1130.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 14

# CONCLUSION

In light of the Court's rejection of all Defendant's bases for dismissal, the Defendant's motion must fail.

Therefore, **IT IS HEREBY ORDERED**:

1. The Defendant's Motion to Dismiss, **ECF No. 34**, is **DENIED**

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 27th day of April, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge